397 So.2d 1193 (1981)
In re the ESTATE of John A. SKINNER, Deceased.
No. 80-1856.
District Court of Appeal of Florida, Fourth District.
May 6, 1981.
Donald G. Procter, Jr., Pompano Beach, for appellants  Robert M. Skinner and Diane C. Skinner.
Ronald G. Englert of Peschio, Rockwood, Edelstein & Duffy, Pompano Beach, for appellees  Robert Myers, Mabel Culbertson, Violet Meier, Thomas Myers, Richard Myers, John Myers, Glenn Myers, Benjamin Myers and Hazel Pollit.
DOWNEY, Judge.
John A. Skinner died leaving a last will and testament which devised his entire estate to his wife, Hazel L. Skinner, if she survived him. If Hazel did not survive John, the will provided that the entire estate would pass to "my beloved foster son, *1194 Martin R. Skinner, who was reared by my wife and myself as our own child." Both Hazel and Martin predeceased John. However, Martin was survived by a wife and two children, Robert and Diane. From an order on a motion to determine heirs and beneficiaries which found that John's estate passes to John's nephews and nieces, children of his deceased sister, Robert and Diane have perfected this appeal.
The appellants contend the trial court erred in the order determining heirs and beneficiaries because: a) the provisions of Section 732.611, Florida Statutes (1979), supersede Section 732.603, the anti-lapse statute; b) the finding is contrary to the intent of the testator; c) the rule concerning an incompleted adoption set out in Sheffield v. Barry, 153 Fla. 144, 14 So.2d 417 (1943), should be applied in this case; and d) the court made certain erroneous evidentiary rulings.
Appellees maintain that, since Martin predeceased John and was not a grandparent or a descendant of a grandparent of John, the devise to Martin lapses, since no intention to substitute another in Martin's place appears in the will.
The trial judge agreed with appellees and found the devise to Martin lapsed. We believe that decision to be correct.
Appellants pose several points for our consideration, none of which indicates the trial judge misconstrued the applicable law. However, we will briefly discuss the first point. Therein appellants argue that Section 732.611, Florida Statutes (1979), which provides "[u]nless the will provides otherwise, all devises shall be per stirpes", supersedes Section 732.603, the effect of which is that a devise to one who predeceases a testator and who is not a grandparent or descendant of a grandparent of the testator lapses unless the will reflects an intention to substitute another in the place of the named devisee. Therefore, appellants contend, instead of the devise lapsing and the estate devolving upon John's nephews and nieces, the estate passes under the per stirpes statute (732.611) to Martin's children, Robert and Diane.
At common law, if a devisee predeceased a testator, the devise lapsed. See Sorrells v. McNally, 89 Fla. 457, 105 So. 106 (1925). In order to more nearly accomplish what was perceived to be the intention of the average testator the Legislature enacted the anti-lapse statute. Thus, to preclude the lapse of a devise to blood relatives, the Legislature provided that if the devise was to a grandparent or lineal descendant of a grandparent, the devise would not lapse. Section 732.603 substantially maintained the statutory law as it existed prior to its enactment relative to a devise to one not within the specified degree of blood relationship.
Section 732.611, first enacted in 1974 as Section 732.610, had the effect of codifying the law as it existed by legislatively recognizing the common law rule that the intention of the testator controls the manner of disposition to beneficiaries, per capita or per stirpes. However, if that intention cannot be gleaned from the instrument or surrounding circumstances, then a per stirpes distribution is favored. 18 Fla.Jur.2d, Decedent's Property § 409. Appellants contend that codifying Section 732.611 has some superseding effect upon the anti-lapse statute, but we disagree. In fact, in the context of the controversy between the appellants and the appellees the manner of distribution of a devise, per capita or per stirpes, is not relevant. If Martin had been a lineal descendant of one of John's grandparents, appellants would have divided the estate equally. A per stripes distribution would only have come into play if Martin had been a lineal descendant of one of John's grandparents and one of appellants predeceased Martin and left living children. The estate would then pass per stirpes, one half of Martin's surviving child and one half to the living children of Martin's deceased child. Appellants also maintain that, if the foregoing is correct, there was no reason to enact Section 732.611. We would answer that by pointing out that Section 732.611 applies to all devises while Section 732.603 relates only to those gifts in which the devisee has predeceased the testator.
*1195 Finding no error in the judgment appealed, we affirm it.
AFFIRMED.
ANSTEAD and GLICKSTEIN, JJ., concur.